IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LABMD, INC. and MICHAEL J. DAUGHERTY, | ) ) ) | |
| Plaintiffs, | ) ) ) | Civil Action No. 17-1365 Judge Cathy Bissoon Chief Magistrate Judge Maureen P. Kelly |
| v. | ) ) | |
| TIVERSA HOLDING CORP., ROBERT J. BOBACK, REED SMITH LLP, JARROD D. SHAW, CLARK HILL PLC, and ROBERT J. RIDGE, | ) ) ) ) ) | Re: ECF Nos. 48, 50, 52 and 55 |
| Defendants. | ) ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

Presently before the Court are four Motions to Dismiss. ECF Nos. 48, 50, 52, and 55. For the reasons that follow, it is respectfully recommended that the Motions to Dismiss be granted.

### II. REPORT

#### A. PROCEDURAL HISTORY

The instant iteration of the labyrinthine litigation involving these parties,[1] which is based on two prior iterations, commenced on October 20, 2017, with the filing of Complaint by LabMD, Inc. ("LabMD") and Michael J. Daugherty ("Daugherty") (collectively, "Plaintiffs"). ECF No. 1. After Defendants filed Motions to Dismiss, ECF Nos. 18, 20, 24 and 27, Plaintiffs filed the operative Amended Complaint on February 1, 2018. ECF No. 46. The then-pending

---

[1] Such litigation commenced in 2011 in Georgia. Currently, in addition to the instant case, there are two related cases pending in this Court: LabMD, Inc. v. Tiversa Holding Corp., et al., Civ A. No. 15-92; and Michael J. Daughtery et al. v. Adams, et al., Civ. A. No. 17-368, as well as a number of state court cases.

Motions to Dismiss were denied as moot in light of the filing of the Amended Complaint. ECF No. 47.

On March 1, 2018, Defendant Tiversa Holding Corp. ("Tiversa") filed a Motion to Dismiss and a Brief in Support. ECF Nos. 48-49. Plaintiffs filed a Brief in Opposition to the Motion to Dismiss on March 23, 2018.[2] ECF No. 61. Tiversa filed a Reply on April 6, 2018. ECF No. 65.

On March 1, 2018, Defendants Clark Hill PLC ("Clark Hill") and Robert J. Ridge ("Ridge") filed a Motion to Dismiss and a Brief in Support. ECF Nos. 50-51. Plaintiffs filed a Brief in Opposition on March 23, 2018. ECF No. 59. Clark Hill and Ridge filed a Reply on April 4, 2018. ECF No. 63.

On March 1, 2018, Defendant Robert J. Boback ("Boback") filed a Motion to Dismiss and a Brief in Support. ECF Nos. 52-53. Plaintiffs filed a Brief in Opposition on March 23, 2018. ECF No. 58. Boback filed a Reply on April 4, 2018. ECF No. 52.

On March 1, 2018, Defendants Reed Smith LLP ("Reed Smith") and Jarrod D. Shaw ("Shaw") filed a Motion to Dismiss and a Brief in Support. ECF Nos. 55-56. Plaintiffs filed a Brief in Opposition on March 23, 2018. ECF No. 60. Reed Smith and Shaw filed a Reply on April 5, 2018. ECF No. 64.

The Motions to Dismiss are now ripe for consideration.

## B.   FACTUAL BACKGROUND

As stated above, the instant lawsuit is based on two prior lawsuits, which will be referred to as "the Federal Defamation Action" and "the State Defamation Action." In Count I of the

---

[2] Despite significant variations in the arguments of the four "sets" of Defendants in support of their respective Motions to Dismiss which reflect the variations in Plaintiffs' allegations against them, Plaintiffs did not respond to each Motion to Dismiss individually; instead, Plaintiffs incorporated by reference the argument section of their Brief in Opposition to Reed Smith and Shaw in all of their other Briefs in Opposition. ECF Nos. 58 at 6, 59 at 1, and 61 at 1.

Amended Complaint, Plaintiffs allege a claim of abuse of process against Tiversa, Boback, Shaw, Clark Hill, and Ridge in connection with the State Defamation Action. ECF No. 46 ¶¶ 221-225. In Count II, Plaintiffs raise a claim of conspiracy to abuse process against Tiversa, Boback, Shaw, Clark Hill and Ridge in connection with the State Defamation Action. Id. ¶¶ 227-234. In Count III, Plaintiffs raise a Dragonetti Act[3] claim against Tiversa, Reed Smith and Shaw in connection with both the State Defamation Action and the Federal Defamation Action. Id. ¶¶ 235-247.

### 1. The Federal Defamation Action

The Federal Defamation Action was filed on September 5, 2013, by Tiversa and Boback. Civ. A. No. 13-1296, ECF No. 1. Tiversa and Boback were represented by Reed Smith and Shaw. The Federal Defamation Action was filed against LabMD and Daugherty, alleging, *inter alia*, defamation. Id.[4] LabMD and Daugherty filed a Motion to Dismiss the action on multiple grounds. Id. ECF No. 16. That Motion to Dismiss was mooted by the filing of the First Amended Complaint in Civil Action. Id. ECF No. 31. LabMD and Daugherty filed a Motion to Dismiss the Amended Complaint on multiple grounds. Id. ECF No. 36. Ultimately, the Motion to Dismiss was denied on April 21, 2014, by the Honorable Nora Barry Fischer, who found that Tiversa and Boback had pled sufficient facts to demonstrate a plausible right to recovery against LabMD and Daugherty for defamation. Id. ECF No. 52 at 13-14; ECF No. 53. LabMD and Daugherty subsequently filed an Answer and an Amended Answer. Id. ECF Nos. 56 and 62.

On November 4, 2014, Tiversa and Boback filed a voluntary Motion to Dismiss without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), citing a desire to move forward

---

[3] 42 Pa. Cons. Stat. §§ 8351-8355.

[4] The Federal Defamation Action was based on allegedly defamatory statements by Daugherty made prior to publication of and in a book he authored entitled "The Devil Inside the Beltway The Shocking Exposé of the US Government's Surveillance and Overreach into Cybersecurity, Medicine and Small Business." The book was published on or around September 24, 2013. Civ. A. No. 13-1296, ECF No. 31 ¶¶ 27-28.

3

with the litigation in state court. Id. ECF No. 83.[5] On November 4, 2014, Judge Fischer granted the Motion and dismissed the Amended Complaint without prejudice. Id. ECF No. 84. LabMD and Daugherty sought reconsideration of the dismissal, id. ECF No. 85, but their Motion for Reconsideration was denied on December 1, 2014. Id. ECF No. 91.

### 2. The State Defamation Action

The State Defamation Action was commenced on September 23, 2014, in the Court of Common Pleas of Allegheny County. Tiversa Holding Corp. et al. v. LabMD, Inc. et al., No. GD-14-016497. The action was filed by Tiversa and Boback and raised claims of, *inter alia*, defamation, against LabMD, Daugherty, and the Cause of Action Institute. Subsequently, Richard Wallace was added as a defendant. Tiversa and Boback were represented by Reed Smith and Shaw.

On March 10, 2016, Tiversa discontinued its action with prejudice. Also, on March 10, 2016, Reed Smith and Shaw withdrew their appearance on behalf of Boback. On the same date, Clark Hill, Ridge and Brandon J. Verdream entered their appearance for Boback. The State Defamation Action was stayed on September 2, 2016, by Judge Christine Ward, and remains stayed as of this date.

### C. STANDARD OF REVIEW

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on

---

[5] In the voluntary Motion to Dismiss, Tiversa and Boback represented to the court that they had recently learned that the conduct of LabMD and Daugherty had exceeded the defamatory statements and included tortious interference with contractual relations and conspiracy. As a result, they intended to add additional claims and parties. One of those parties, Richard Wallace, was a Pennsylvania resident and could not be added to the Federal Defamation Action without destroying subject matter jurisdiction. Thus, Tiversa and Boback sought to move forward in state court. Civ. A. No. 13-1296, ECF No. 83 at 1.

its face." Id. at 570. In assessing the merits of a claim subject to a motion to dismiss, a court must accept all alleged facts as true and draw all inferences gleaned therefrom in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (citing Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003)). A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)). However, conclusory allegations are insufficient to survive a motion to dismiss. Fowler, 578 F.3d at 210 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

The scope of review may extend to "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994).

## D.   DISCUSSION

### 1.   Count I:   Abuse of Process (Tiversa, Boback, Shaw, Clark Hill and Ridge)

Plaintiffs' abuse-of-process claim is based on motions filed in the State Defamation Action, specifically: (1) two Motions to Stay, filed on July 21, 2016, and January 13, 2017, by Ridge and Clark Hill on behalf of Boback; and (2) a Motion to Quash a Subpoena, or, in the alternative, Motion for Protective Order, filed on August 18, 2016, by Shaw on behalf of Tiversa, who was then no longer a party to the action. ECF No. 46 ¶¶ 222-224.[6]

---

[6] The Amended Complaint indicates that this claim is also based on Defendants' refusal to produce discovery in response to Plaintiffs' requests on August 1, 2016, and August 18, 2016, ECF No. 46 ¶¶ 222-223; however, in their Brief in opposition to Reed Smith and Shaw's Motion to Dismiss, Plaintiffs make clear that this claim is based only on the above-listed motions. ECF No. 60 at 4-5.

5

The Court takes notice that Boback's July 21, 2016, Motion to Stay was granted on September 2, 2016. Tiversa Holding Corp. et al v. LabMD, Inc., et al., No. GD-14-016497, Document No. 130. Boback's January 13, 2017, Motion to Extend Stay was granted on October 4, 2017. Id., Document No. 141. Further, the stay of the State Defamation Action was continued by Judge Ward by Order of Court dated March 28, 2018. Id., Document No. 152.

As to the Motion to Quash, or, in the alternative, Motion for Protective Order, the Court notes that this motion was never opposed or decided due to the stay of the State Defamation Action on September 2, 2016, 15 days after the motion was filed.

Despite the above-noted rulings, Plaintiffs allege that these three motions were filed for the improper purposes of: "(1) concealing Boback and Tiversa's fabrication of evidence and other misconduct before the FTC; (2) concealing Tiversa's illegal use of the FBI Surveillance Tool for commercial and illicit purposes to surreptitiously locate and illegal download confidential, private and government classified filed from millions of computers via the internet; (3) creating additional reputational harm to LabMD and Daugherty by postponing the ultimate resolution of Boback's spurious defamation and other claims; (4) retaliating against LabMD and Daugherty for exposing Boback and Tiversa's misconduct; and (5) imposing additional unnecessary burden and expense on LabMD and Daugherty." ECF No. 46 ¶¶ 223-224. Plaintiffs further allege that they were harmed as a result of these actions of Defendants. Id. ¶ 225.

A claim for abuse of process requires consideration of the following.

> The Supreme Court of Pennsylvania has said that "[t]he gist of an action for abuse of process is the improper use of process after it has been issued, that is, a perversion of it." McGee v. Feege, 517 Pa. 247, 535 A.2d 1020, 1023 (Pa. 1987) (citing Mayer v. Walter, 64 Pa. 283 (1870)); see also Morphy v. Shipley, 351 Pa. 425, 41 A.2d 671, 674 (Pa. 1945) ("'An abuse is . . . a perversion of [legal process].'" (quoting Mayer, 64 Pa. at 286)). A

> "perversion" of legal process occurs when a party uses the process "primarily to accomplish a purpose for which the process was not designed." Dumont Television & Radio Corp. v. Franklin Elec. Co. of Phila., 397 Pa. 274, 154 A.2d 585, 587 (Pa. 1959). Generally speaking, to recover under a theory of abuse of process, a plaintiff must show that the defendant used legal process against the plaintiff in a way that constituted a perversion of that process and caused harm to the plaintiff. See Hart v. O'Malley, 436 Pa. Super. 151, 647 A.2d 542, 551 (Pa. Super. Ct. 1994); Rosen v. Am. Bank of Rolla, 426 Pa. Super. 376, 627 A.2d 190, 192 (Pa. Super. Ct. 1993).

Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 304 (3d Cir. 2003).

In support of their respective Motions to Dismiss this claim, Defendants make multiple arguments; however, one argument is dispositive, i.e., that the allegations in Plaintiffs' Amended Complaint fail to support an essential element of a claim of abuse of process. As set forth above, a claim for abuse of process requires that a plaintiff show harm caused as a result of the alleged abuse. Plaintiffs' sole allegation in the Amended Complaint concerning harm states: "As a proximate result of Tiversa, Shaw, Boback, Clark Hill and Ridge's misconduct set forth above, [Plaintiffs] were harmed and continue to be harmed in amounts to be proven at trial." ECF No. 46 ¶ 225. On this point, in opposition to the Motions to Dismiss, Plaintiffs make an argument entitled "LabMD was harmed by Defendants' Abuse of Process," in which Plaintiffs point to unspecified allegations in the Amended Complaint and then make the conclusory statement, "Moreover, the mere pendency of the State Defamation Action is a continuing harm to LabMD and Daugherty." ECF No. 60 at 11.

Plaintiffs' conclusory allegation that they "were harmed" as the result of Defendants' conduct in a pending state court case in which discovery has not been completed is obviously insufficient under Iqbal and its progeny.[7] Further, when challenged to show how they were harmed, Plaintiffs offer no explanation as to how the pendency of the State Defamation Action

---

[7] It is difficult to imagine that any harm has come from the Motion to Quash, or, in the alternative, Motion for Protective Order that Plaintiffs have not litigated and that has not been resolved against them.

has harmed them.[8]  Accordingly, Plaintiffs have failed to establish a plausible claim for abuse of process.  As such, it is recommended that Count I be dismissed.

### 2.      Count II:      Conspiracy to Abuse Process (Tiversa, Boback, Shaw, Clark Hill and Ridge)

Plaintiffs' conspiracy to abuse process claim in Count II is based on the putative abuse of process claim in Count I.  Without a viable abuse-of-process claim, there can be no conspiracy claim based on abuse of process.  See Watlington v. Reigel, No. 16-3222, 2018 U.S. App. LEXIS 1379, at *6-7 (3d Cir. Jan. 22, 2018) (holding that conspiracy claim based on First Amendment retaliation claim had to be dismissed because underlying claim was dismissed); Rock v. Meakem, 61 A.3d 239, 249 (Pa. Super. Ct. 2013) (holding that, in Pennsylvania, a conspiracy claim "will not lie without a valid underlying civil claim").  Accordingly, it is recommended that Count II be dismissed.

### 3.      Count III:      Dragonetti Act (Tiversa, Reed Smith and Shaw)

In Count III, Plaintiffs assert a claim pursuant to the Dragonetti Act against Tiversa, Reed Smith and Shaw, alleging that the litigation begun by the Federal Defamation Action and continued in the State Defamation Action was procured, initiated and continued by these Defendants in a grossly negligent manner without probable cause, for improper purposes, and that litigation terminated in Plaintiffs' favor. ECF No. 46 ¶¶ 235-247.

As a preliminary matter, the Court notes that Plaintiffs take the position that the State Defamation Action is a continuation of the Federal Defamation Action and the two actions constitute one action for purposes of the Dragonetti Act. ECF No. 60 at 17-18.  Plaintiffs further

---

[8]  It is noted that litigation between these parties began in 2011 with an action filed by Plaintiff LabMD and that Plaintiff LabMD and/or Plaintiffs collectively has/have continued to initiate and litigate multiple additional cases in, *inter alia*, this Court (the instant action), in the United States District Court for the Northern District of Georgia (transferred to this Court at Civ. A. No. 17-368), and in the United States District Court for the Southern District of New York (Civ. A. No. 1:14-cv-04548). Thus, Plaintiffs' argument that prolonged litigation is, in itself, harmful, has a ring of disingenuousness.

assert that the litigation of this "one action" by Tiversa terminated on March 10, 2016, when Tiversa discontinued its case in the State Defamation Action. Id. at 19. Plaintiffs therefore do not attach any significance to their failure to allege that the Federal Defamation Action was terminated in their favor. Id. Because it does not affect the outcome of the instant Motions to Dismiss, the Court will assume arguendo the validity of Plaintiffs' position for purposes of this Report and Recommendation.

Pennsylvania's Dragonetti Act is a codification of the common law tort for wrongful use of civil proceedings. The elements of an action pursuant to the Dragonetti Act are as follows:

> A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:
>
> (1) he acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
>
> (2) the proceedings have terminated in favor of the person against whom they are brought.

42 Pa. Const. Stat. §§ 8351-8355.

In support of their Motions to Dismiss this claim, Defendants Tiversa, Reed Smith and Shaw make multiple arguments; however, one argument is dispositive, i.e., that the allegations in Plaintiffs' Amended Complaint fail to support an essential element of a Dragonetti Act claim. Specifically, the moving Defendants argue that Plaintiffs' allegations in their Amended Complaint do not support a finding that the Federal Defamation Action/State Defamation Action was terminated in Plaintiffs' favor.

In the State Defamation Action, Tiversa, through Shaw and Reed Smith, filed a Praecipe for Discontinuance on March 10, 2016, wherein it "discontinue[d] its pursuit of this action with

prejudice pursuant to Rule 229 of the Pennsylvania Rules of Civil Procedure." Rule 229 is the

exclusive method of voluntary termination of an action by the plaintiff before trial. Pa. R. C. P.

229(a).

"Whether withdrawal or abandonment constitutes a final termination of the case in favor

of the person against whom the proceedings are brought ... depends on the circumstances under

which the proceedings are withdrawn." Bannar v. Miller, 701 A.2d 242, 247 (Pa. Super. Ct.

1997). The Pennsylvania Superior Court has explained:

> ... [W]e have held specifically that, unless the voluntary withdrawal of the
> prior case was "tantamount to [an] unbidden abandonment of a claim
> brought in bad faith," the discontinuance of the underlying action does not
> constitute a favorable termination in favor of the Dragonetti Act plaintiff.
> Majorsky v. Douglas, 2012 PA Super 258, 58 A.3d 1250, 1270 (Pa. Super.
> 2012); see also Rosenfield v. Pennsylvania Automobile Insurance Plan, 431
> Pa. Super. 383, 636 A.2d 1138 (Pa. Super. 1994) (previous litigation was
> voluntarily discontinued after it became moot and before determination of
> liability of Dragonetti Act plaintiff; it therefore was not terminated in favor
> of Dragonetti Act plaintiff). Cf. Buchleitner v. Perer, 2002 PA Super 35,
> 794 A.2d 366 (Pa. Super. 2002) (summary judgment was entered in favor of
> the Dragonetti Act plaintiff in the underlying litigation and other defendants
> in the other lawsuits unilaterally negotiated a universal settlement in which
> the Dragonetti Act plaintiff never participated); Bannar v. Miller, 701 A.2d
> 242, 248 (Pa. Super. 1997) (prior lawsuit was withdrawn on the eve of trial
> and was characterized as a "last-second dismissal in the face of imminent
> defeat"); Robinson v. Robinson, 362 Pa. Super. 568, 525 A.2d 367 (Pa.
> Super. 1987) (no discussion of circumstances under which wife
> discontinued a prior action against her husband, who filed Dragonetti Act
> case against her).

Contemporary Motorcar v. Macdonald Illig Jones & Britton LLP, No. 783 WDA 2012, 2013 Pa.

Super. Unpub. LEXIS 2040, at *9-10 (Pa. Super. Ct. Sept. 19, 2013).

In support of their position that the State Defamation Action did not terminate in favor of

LabMD and Daugherty, Defendants Tiversa, Shaw and Reed Smith argue that Tiversa

voluntarily discontinued its case in its early stages, before substantial discovery had taken place

and before any party had requested a trial date. ECF No. 49 at 19; ECF No. 56 at 25. They

further argue that, prior to the voluntary termination, Tiversa and Boback had prevailed in two merits-based motions. Id. Finally, Defendants Tiversa, Shaw and Reed Smith point out that Boback continues to pursue the same claims that Tiversa voluntarily discontinued. ECF No. 49 at 19-20; ECF No. 56 at 25-26. These facts, they argue, show that no imminent defeat or last-minute withdrawal existed in the State Defamation Action. Id.

In opposition, LabMD and Daugherty fail to address any of the circumstances surrounding the voluntary discontinuance and instead rely solely on the fact that the termination was "with prejudice" to support their position that the State Defamation Action terminated in their favor. ECF No. 60 at 14-17. However, the case law upon which they rely is inapposite. See, e.g., id. at 15 (citing Jackson v. Dow Chem Co., 518 F. App'x 99, 102 (3d Cir. 2013) (holding that voluntary dismissal with prejudice is final judgment on the merits for purposes of claim preclusion) (emphasis added)). In short, LabMD and Daugherty fail to allege any circumstance or provide any legal authority that would indicate that the voluntary termination was in their favor.

Accordingly, LabMD and Daugherty have failed to allege a plausible claim pursuant to the Dragonetti Act. It is thus recommended that Count III be dismissed.

### E.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the pending Motions to Dismiss, ECF Nos. 48, 50, 52, and 55, be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193

11

n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.


Dated: May 17, 2018


                              Respectfully submitted,


                              MAUREEN P. KELLY
                              CHIEF UNITED STATES MAGISTRATE JUDGE